1
2
3

Ramiro Bustamante
Coconino County Detention Facility
951 E. Sawmill Rd.
Flagstaff, AZ 86001

X FILED ___ LODGED
___ RECEIVED ___ COPY

OCT 2 3 2009

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ Z DEPUTY

4
5

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

6
7

Ramiro Bustamante,

    Petitioner,

8

v.

9
10
11

Michael Valenzuela, Interim Chief,
Pascua Yaqui Tribe Department of
Public Safety;

12
13

Kurt Braatz, Commander, Detention,
Coconino County Detention Facility;
and

14
15
16

Vincent Anchando, Supervisory
Correctional Specialist, Bureau of
Indian Affairs, Office of Justice
Services, Division of Corrections,
District 3,

17

    Respondents.

CV 09- 8192 PCT ROS (MHB)

**PETITION FOR WRIT OF
HABEAS CORPUS**

**(25 U.S.C. § 1303
and
28 U.S.C. § 2241(c)(3))**

## I. Introduction

18
19
20
21

1.  Petitioner Ramiro Bustmante is an enrolled member of the Pascua Yaqui
    Tribe ("the Tribe").

22
23
24

2.  Mr. Bustamante is currently serving a sentence of 18 months in custody,
    terminating on September 18, 2010, imposed by the Pascua Yaqui Tribal
    Court (the "Tribal Court").

25
26
27
28

3.  Mr. Bustamante is filing herewith a Request for Appointment of Counsel
    Pursuant to 18 U.S.C. § 3006A, in which he asks the Court to appoint the
    Office of the Federal Public Defender for the District of Arizona to
    represent him in connection with this Petition.

## II. Jurisdiction and Venue

4.  Jurisdiction in this Court is proper pursuant to 25 U.S.C. § 1303 and 28 U.S.C. §§ 1331 and 2241.

5.  Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

## III. Parties

6.  Mr. Bustamante is an inmate of the Coconino County Detention Facility. His address is Coconino County Detention Facility, 951 E. Sawmill Rd., Flagstaff, Arizona 86001. His projected release date is September 18, 2010.

7.  Respondent Michael Valenzuela is the Interim Chief, Pascua Yaqui Tribe Department of Public Safety. His address is 4725 W. Calle Tetakusim, Tucson, Arizona 85757.

8.  Respondent Kurt Braatz is the Commander, Detention, of the Coconino County Detention Facility. Mr. Braatz's address is Coconino County Detention Facility, 951 E. Sawmill Rd., Flagstaff, Arizona 86001.

9.  Respondent Vincent Anchando is a Supervisory Correctional Specialist with the Bureau of Indian Affairs, Office of Justice Services, Division of Corrections, District 3. His address is 400 N. 5th Street, Floor 12, Phoenix, Arizona 85004.

## IV. Procedural History

10. This Petition challenges Mr. Bustamante's convictions and sentences in the Tribal Court case No. CR-09-159, and the affirmance of these convictions and sentences by the Pascua Yaqui Court of Appeals (the "Tribal Appellate Court") in Appellate Case No. CA-09-008.

11. The Tribe filed a four-count criminal complaint against Mr. Bustamante in the Tribal Court on March 18, 2009.

12. Mr. Bustamante was arraigned on March 18, 2009. At his arraignment, he

2

pleaded guilty to three of the four counts. The remaining count was set for trial. Mr. Bustamante was not represented by counsel at the arraignment.

13. The Tribal Court set sentencing for April 1, 2009.

14. On March 30, 2009, Nicholas A. Fontana, Chief Public Defender for the Pascua Yaqui Tribe, entered his appearance on behalf of Mr. Bustamante. The Tribal Court rescheduled the sentencing hearing for April 22, 2009.

15. At the April 22 sentencing hearing, the Tribal Court sentenced Mr. Bustamante to eighteen months in jail. The court gave Mr. Bustamante credit for 35 days of time already served. The court ordered that Mr. Bustamante's sentence will expire on September 18, 2009.

16. On April 23, 2009, Mr. Bustamante filed a timely notice of appeal.

17. In his Opening Brief on appeal, Mr. Bustamante's sole claim of error was a violation of 25 U.S.C. § 1302(7). At the same time that Mr. Bustamante filed his Opening Brief, he also waived oral argument and decision by a three-judge panel of the Tribal Appellate Court.

18. Under the Pascua Yaqui Tribe Rules of Appellate Procedure, the Tribe had thirty days, or until July 23, 2009, to file a responsive brief. It did not do so.

19. On August 14, 2009, twenty-two days after the Tribe's responsive brief was due in the Tribal Appellate Court, Mr. Bustamante filed a motion for decision on the record. On September 4, 2009, he filed a second motion for decision on the record.

20. The Tribal Appellate Court ruled on Mr. Bustamante's appeal on October 14, 2009. Holding that Mr. Bustamante's claim for relief was foreclosed by a prior decision of the court, it dismissed Mr. Bustamante's appeal as "frivolous."

21. The Tribal Appellate Court is the court of last resort in the judicial

3

department of the Pascua Yaqui Tribe. There are no judicial remedies currently available to Mr. Bustamante in the Pascua Yaqui courts by which he may pursue relief on the claim presented in this Petition.

## V. Factual Background

22.   On March 18, 2009, Mr. Bustamante was arrested by officers of the Pascua Yaqui Police Department. Later that day, the Tribe filed a four-count criminal complaint against Mr. Bustamante, which was docketed as No. CR-09-159.

23.   All of the counts in the criminal complaint referred to an incident that took place at 7540 Camino Rahum, which is within the Pascua Yaqui Indian Reservation.

24.   Prior to the incidents described in this Petition, a judge of the Tribal Court had ordered Mr. Bustamante to stay away from his parents' home, located at 7540 Camino Rahum.

25.   At approximately 11:40 a.m. on March 18, 2009, Mr. Bustamante's mother caught him taking some items from a small camper in her backyard. Mr. Bustamante did not have his parents' consent to be in her backyard. His family member Vanessa Bustamante told him to leave, but he refused. The police then came and arrested Mr. Bustamante. A four-count Complaint was filed against him in Tribal Court.

26.   The Complaint charged Mr. Bustamante with committing: **(1)** Domestic Violence, Burglary, by entering his parents' property located at 7540 Camino Rahum with the intent to commit a crime; **(2)** Domestic Violence, Theft, by taking items from a small camper that was in the backyard of the residence after his mother told him to leave; **(3)** Domestic Violence, Criminal Trespass, by remaining at his parents' home after his mother told

4

him to leave; and **(4)** Disobedience to a Lawful Court Order, by going to his parents' house after a Tribal Court judge had issued an order requiring him to stay away from that residence.

27.   In the early afternoon of March 18, 2009, Mr. Bustamante was arraigned on the four counts in the complaint.  Mr. Bustamante was not represented by counsel at the arraignment.  At the arraignment, the Tribal Court refused to answer Mr. Bustamante's questions regarding his sentencing prospects, explaining that he had not entered a plea.  The Tribal Court then accepted Mr. Bustamante's guilty pleas on Counts 1, 2, and 4 of the Complaint.  It set sentencing on these counts for April 1, 2009, and set a pretrial hearing on Count 3 for April 22, 2009.

28.   At 3:00 p.m. on March 18, 2009, Mr. Bustamante was seen by Centered Spirit Program Mental Health Therapist Alan Shenman.  Shenman later told Allen Osburn, the Tribal prosecutor, that Mr. Bustamante exhibited no signs of withdrawal, that Mr. Bustamante was not a danger to himself or to others, and that there was no indication of any medical danger to Mr. Bustamante. This information was relayed to the Tribal Court by e-mail.

29.   After the Tribal Court received the information from the Centered Spirit Program, it allowed the order issued at the arraignment hearing to stand. Mr. Bustamante was scheduled to be transported to the Coconino County Detention Facility at 4:20 p.m. on March 18, 2009.

30.   On March 30, 2009, Nicholas Fontana of the Pascua Yaqui Public Defender's Office entered an appearance on Mr. Bustamante's behalf.  Mr. Fontana asked to continue the sentencing hearing that had been scheduled for April 1, 2009.  The Tribal Court reset the hearing for April 22, 2009.

31.   At the sentencing hearing, the Tribal Court heard arguments from Mr.

5

1
2
3
4
5
6
7
8
9
10

Bustamante, the Tribe, and the Probation Department of the Tribal Court. The court then sentenced Mr. Bustamante as follows: **Count 1:** Nine months in jail, to be served immediately; **Count 2:** Nine months in jail, to be served consecutive to the sentence in Count 1; **Count 4:** Nine months in jail, to be served concurrently with the sentence imposed on Count 1.  The Tribal Court dismissed **Count 3** with prejudice.  It also gave Mr. Bustamante 35 days' credit for time already served.  Mr. Bustamante's total sentence was thus eighteen months in jail, and his release date was set at September 18, 2010.

11
12
13
14
15
16
17
18
19

32.   Mr. Bustamante, through counsel, filed a timely notice of appeal.  In his Opening Brief, Mr. Bustamante raised a single claim, arguing that his sentence violated the Indian Civil Rights Act, 25 U.S.C. § 1302(7), because it exceeded one year in connection with a "single criminal transaction."  In support of this claim, Mr. Bustamante cited and discussed the decision of the United States District Court for the District of Minnesota in *Spears v. Red Lake Band of Chippewa Indians*, 363 F. Supp. 2d 1176 (D. Minn. 2005).

20
33.   The Tribe did not file a responsive brief.

21
22
23
24
25

34.   The Tribal Appellate Court rejected Mr. Bustamante's claim on the merits, holding that it was foreclosed by the court's earlier decision in *Pascua Yaqui Tribe v. Miranda*, CA-08-015 (2009), and dismissed Mr. Bustamante's appeal.

26
27
28

6

## VI.  Claim for Relief

**Mr. Bustamante's sentence violates 25 U.S.C. § 1302(7) because it exceeds a term of imprisonment of one year in connection with a single criminal transaction.**

35.  Mr. Bustamante incorporates by this reference the preceding paragraphs of this Petition.

36.  The Indian Civil Rights Act prohibits any Indian tribe exercising powers of self-government from "impos[ing] for conviction of any one offense any penalty or punishment greater than imprisonment for a term of one year." 25 U.S.C. § 1302(7).

37.  The three counts for which Mr. Bustamante was sentenced in case No. CR-09-159 all relate to a single criminal transaction.

38.  Had the Tribal Court sentenced Mr. Bustamante to a total of one year of incarceration on these three counts, his term of incarceration would expire on March 18, 2010.

39.  Should Mr. Bustamante remain in custody after March 18, 2010, that custody will violate 25 U.S.C. § 1302(7).

1

### VII.  Prayer for Relief

2
40.   For the foregoing reasons, in light of the above-described violation of his

3
rights under the Indian Civil Rights Act, 25 U.S.C. § 1302(7), Mr.

4
Bustamante respectfully requests that this Court grant his Petition and issue

5
a Writ of Habeas Corpus directing Respondents to release him from custody

6
no later than March 18, 2010; as well as such other and further relief as the

7
Court deems just and equitable.

8

9
*10-22-09*

10
Respectfully submitted on: _____

11

12

13
RAMIRO BUSTAMANTE
Coconino County Detention Facility
951 E. Sawmill Rd.
Flagstaff, AZ  86001

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28