Ramiro Bustamante
Coconino County Detention Facility
951 E. Sawmill Rd.
Flagstaff, AZ  86001

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Ramiro Bustamante,<br><br>　　　Petitioner,<br><br>v.<br><br>Michael Valenzuela, Interim Chief, Pascua Yaqui Tribe Department of Public Safety;<br><br>Kurt Braatz, Commander, Detention, Coconino County Detention Facility; and<br><br>Vincent Anchando, Assistant Correctional Program Specialist, Bureau of Indian Affairs Office of Justice Services, Division of Corrections,<br><br>　　　Respondents. | CV 09-8192 PCT ROS (MHB)<br><br>**REQUEST FOR APPOINTMENT OF COUNSEL PURSUANT TO 18 U.S.C. § 3006A** |

Petitioner Ramiro Bustamante is an enrolled member of the Pascua Yaqui Tribe ("the Tribe").  Mr. Bustamante is currently serving a sentence totaling eighteen months in custody imposed by the Pascua Yaqui Tribal Court.  Because he is being held in custody in violation of the Indian Civil Rights Act, 25 U.S.C. § 1302(7), Mr. Bustamante is filing herewith a Petition for Writ of Habeas Corpus pursuant to 25 U.S.C. § 1303 and 28 U.S.C. § 2241.  As the Financial Affidavit attached hereto as Exhibit A shows, Mr. Bustamante cannot afford to hire private counsel to represent him in connection with the Petition.  Mr. Bustamante respectfully requests that this Court appoint the Office of the Federal Public Defender for the District of Arizona to represent him in connection with the Petition pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A ("the CJA"), and the CJA Plan for the District of Arizona.  The Declaration of Assistant Federal

Public Defender Daniel L. Kaplan attached hereto as Exhibit B demonstrates that Mr. Kaplan has familiarized himself with the pertinent facts and legal issues and stands ready to represent Mr. Bustamante in connection with the Petition.

Mr. Bustamante notes that Mr. Kaplan, together with Research and Writing Specialist Keith J. Hilzendeger, assisted him in the preparation of this Request, as well as the Petition for Writ of Habeas Corpus filed herewith, and that these documents therefore do not accurately reflect upon his ability to represent himself effectively before this Court.

## Argument

**The interests of justice require that CJA counsel be appointed to assist Mr. Bustamante with his petition for writ of habeas corpus.**

### A.   Mr. Bustamante is eligible for appointed counsel under the CJA, the CJA Plan for the District of Arizona, and applicable caselaw.

18 U.S.C. § 3006A(a)(2)(B) specifies that a United States Magistrate Judge may appoint government-supplied counsel to represent a financially eligible individual seeking relief under 28 U.S.C. § 2241 upon the judge's determination that "the interests of justice so require." The CJA Plan for the District of Arizona in turn provides that "[r]epresentation must be provided for all eligible persons under . . . 18 U.S.C. § 3006A." CJA Plan for the District of Arizona Part IV.A.1 (*adopted by* D. Ariz. Gen. Ord. 07-08). In deciding whether to appoint counsel in a habeas proceeding, the Court generally should "evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

In the instant case, the requisites for the appointment of CJA counsel are present. Mr. Bustamante is "financially eligible," as shown by the Financial

Affidavit attached hereto as Exhibit A.  Mr. Bustamante is seeking relief under 28 U.S.C. § 2241, as the Petition for Writ of Habeas Corpus filed herewith demonstrates.  Habeas relief is available to Mr. Bustamante because he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Specifically, he is in custody in violation of the Indian Civil Rights Act, 25 U.S.C. § 1302(7).  Mr. Bustamante's right to pursue habeas corpus relief is further confirmed by 25 U.S.C. § 1303, which provides that "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe."  Finally, the "interests of justice" require that counsel be appointed, because Mr. Bustamante's claim is likely to succeed on the merits – provided that he has the assistance of counsel.

**B.  Mr. Bustamante's claim is likely to succeed because his eighteen-month sentence far exceeds the Indian Civil Rights Act's one-year cap.**

The claim raised in Mr. Bustamante's Petition for Writ of Habeas Corpus is substantial and likely to succeed.  Mr. Bustamante hereby incorporates his Petition by this reference, and provides the following summary of the factual and legal basis for the claim raised in the Petition.

The portion of the Indian Civil Rights Act codified at 25 U.S.C. § 1302(7) prohibits any Indian tribe exercising powers of self-government from "impos[ing] for conviction of any one offense any penalty or punishment greater than imprisonment for a term of one year."  In a recent case, the United States District Court for the District of Minnesota held that this language bars Indian tribes from sentencing individuals to more than one year of imprisonment in connection with any "single criminal transaction."  *Spears v. Red Lake Band of Chippewa Indians*, 363 F. Supp. 2d 1176 (D. Minn. 2005).  After thoroughly surveying the history

and purpose of the Indian Civil Rights Act, the court concluded that Congress's intention was to create a "balanced and logical regime" whereby "Indians accused of minor crimes faced minor penalties in tribal court where some constitutional rights were withheld" while "Indians accused of serious crimes faced serious penalties in federal court where all constitutional rights were available." *Id.* at 1180. If a contrary interpretation were adopted, the court stressed, "tribal court defendants would be routinely exposed to serious sentences for minor crimes without guaranteeing them all their basic constitutional rights." *Id.*

The circumstances surrounding Mr. Bustamante's prosecution and the sentence he received powerfully demonstrate the truth of the *Spears* court's observation. Mr. Bustamante is serving a sentence of eighteen months in connection with a "single criminal transaction" involving his breaking into a small camper behind his parents' home and taking things out of the camper after his mother had told him to leave the items behind. Although the Tribe charged him with four separate criminal counts, the narrative accompanying each count identified the time of the offense as "approximately 11:40 a.m." on March 18, 2009, and identified the place of each offense as "the area of 7540 Camino Rahum." All of the charges stemmed from the allegation that Mr. Bustamante, who had been ordered by a tribal court to stay away from his parent's home, broke into a small camper behind their house, took some items out of the camper, and refused to leave after his mother told him to do so. Later that afternoon, Mr. Bustamante was arraigned on those four charges and pleaded guilty to three of them.

Neither the Indian Civil Rights Act nor the Constitution and laws of the Pascua Yaqui Tribe guaranteed Mr. Bustamante government-supplied counsel; as a result, he was not represented by counsel at his arraignment, at which he pleaded

guilty. As the *Spears* court observed, Congress intended for the Indian Civil Rights Act to provide persons charged in tribal court with meaningful protections paralleling those provided in the Bill of Rights. In passing the Indian Civil Rights Act, Congress never intended that individuals could be sentenced to as much as eighteen months' custody without first consulting with a lawyer in connection with the decision to plead guilty to charges that could carry such a serious sentence.

### C. Mr. Bustamante Requires the Assistance of Appointed Counsel.

Mr. Bustamante is not able to effectively represent himself. Mr. Bustamante has limited education and a history of mental illness for which he is currently receiving neither treatment nor medication. This document and the others filed herewith were prepared with the assistance of Assistant Federal Public Defender Daniel L. Kaplan and Research and Writing Specialist Keith J. Hilzendeger (Mr. Kaplan's Declaration is attached hereto as Exhibit B), and thus do not reflect upon Mr. Bustamante's ability to represent himself effectively. Mr. Bustamante's ability to represent himself is better illustrated by the fact that he pleaded guilty at his arraignment, which took place on the afternoon of the same day of his arrest.

Moreover, the issue raised in his Petition is complex, involving a difficult question regarding the interpretation of ambiguous language in a federal statute. The issue presented is important, broadly implicating the sentencing power of Indian tribal governments across the country. Because the existing caselaw on the issue is quite limited, this Court's decision will play a crucial role in the development of this important legal issue, and will likely be of assistance to the Ninth Circuit and perhaps the Supreme Court in any appellate proceeding. A thorough development of the arguments relating to this important issue through

adversary presentations by trained counsel will assist the Court in reaching an informed decision.

### Conclusion

In summary, the claim raised in Mr. Bustamante's Petition for Writ of Habeas Corpus is important, complex, and likely to succeed on the merits, but only with the application of legal skills that Mr. Bustamante does not possess. For these reasons, and pursuant to the CJA, the CJA Plan for the District of Arizona, and applicable caselaw, Mr. Bustamante respectfully requests that the Court appoint the Office of the Federal Public Defender for the District of Arizona to represent him in connection with his Petition for Writ of Habeas Corpus.

Respectfully submitted on: 10-21-09

_____
RAMIRO BUSTAMANTE
Coconino County Detention Facility
951 E. Sawmill Rd.
Flagstaff, AZ 86001

# Exhibit A

# FINANCIAL AFFIDAVIT
## IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER COURT SERVICES WITHOUT PAYMENT OF FEE

IN UNITED STATES  ☐ MAGISTRATE  ☐ DISTRICT  ☐ APPEALS COURT or  ☐ OTHER PANEL (Specify below)

IN THE CASE OF _____ V.S. _____

FOR _____
AT _____

LOCATION NUMBER ▶

PERSON REPRESENTED (Show your full name) _____

1 ☐ Defendant—Adult
2 ☐ Defendant - Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Parole Violator
6 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other

DOCKET NUMBERS
Magistrate _____
District Court ▶ _____
Court of Appeals _____

CHARGE/OFFENSE (describe if applicable & check box →)  ☐ Felony  ☐ Misdemeanor

## ASSETS

**EMPLOYMENT**

Are you now employed? ☐ Yes  ☒ No  ☐ Am Self-Employed
Name and address of employer: _____
IF YES, how much do you earn per month? $ _____
IF NO, give month and year of last employment. How much did you earn per month? $ _____
If married is your Spouse employed? ☐ Yes  ☒ No
IF YES, how much does your Spouse earn per month? $ _____
If a minor under age 21, what is your Parents or Guardian's approximate monthly income? $ _____

**OTHER INCOME**

Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes  ☒ No
RECEIVED    SOURCES
IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY THE SOURCES  $ _____  _____

**CASH**

Have you any cash on hand or money in savings or checking accounts? ☐ Yes  ☒ No  IF YES, state total amount $ _____

**PROPERTY**

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☐ Yes  ☒ No
VALUE    DESCRIPTION
IF YES, GIVE THE VALUE AND DESCRIBE IT  $ _____  _____

## OBLIGATIONS & DEBTS

**DEPENDENTS**

MARITAL STATUS:
☒ SINGLE
☐ MARRIED
☐ WIDOWED
☐ SEPARATED OR DIVORCED

Total No. of Dependents: 0

List persons you actually support and your relationship to them: _____

**DEBTS & MONTHLY BILLS**
(LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.)

| APARTMENT OR HOME: | Creditors | Total Debt | Monthly Paymt. |
|---|---|---|---|
| NONE | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

I certify under penalty of perjury that the foregoing is true and correct. Executed on (date) _____

SIGNATURE OF DEFENDANT (OR PERSON REPRESENTED) ▶ *Ramiro O. Bustamante*

# Exhibit B

# DECLARATION OF DANIEL L. KAPLAN

I, Daniel L. Kaplan, Assistant Federal Public Defender in the District of Arizona, hereby declare as follows:

1. I am an Assistant Federal Public Defender in the District of Arizona, Phoenix Office.

2. I have substantial experience in civil and criminal litigation, some of which has involved petitions for writs of habeas corpus.

3. I, together with my colleague Keith J. Hilzendeger, a Research and Writing Specialist in my office, have reviewed the filings, orders, and decision relating to the prosecution and sentencing of Ramiro Bustamante by the Pascua Yaqui Tribe in Pascua Yaqui Court Case No. CR-09-159.

4. Mr. Hilzendeger and I assisted Mr. Bustamante in preparing his Petition for Writ of Habeas Corpus, Request for Appointment of Counsel Pursuant to 18 U.S.C. § 3006A, and Motion to Assign Case to Judge Rosenblatt filed under the caption: *Ramiro Bustamante, Petitioner v. Michael Valenzuela, Kurt Braatz, and Vincent Anchando, Respondents.*

5. I am familiar with the matters set forth in Mr. Bustamante's Petition for Writ of Habeas Corpus and stand ready to represent him in connection with the Petition if appointed under the Criminal Justice Act.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 23, 2009

_____
DANIEL L. KAPLAN